UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL BRYON BREWER, | ) | CASE NO. 1:13 CV 1346 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Paul Bryon Brewer filed a civil complaint in the United States District Court for the District of Columbia against the State of Ohio on May 6, 2013. *See Brewer v. Ohio*, No. 1:13cv0784 (D. DC)(Jackson, J.) Upon initial review, Judge Amy Berman Jackson determined venue was improper as the complaint contained no facts in connection with the District of Columbia. Thus, on May 30, 2013 she issued an Order transferring the complaint to the United States District Court for the Northern District of Ohio. (Doc. No. 3.)

The Complaint, and a pending Motion to Proceed *In Forma Pauperis* (Doc. No. 2), are now before the Court. For the reasons set forth below the Motion is granted and the Complaint is

dismissed.

## Background

The Complaint is brief. Mr Brewer alleges he was tortured at an address located in Lorain, Ohio. The parties allegedly responsible for this act include: Lorain County Common Pleas Bailiff Daniel Urbin; plaintiff's brother-in-law, Willie Maldonando; Lorain County prosecutor Dennis P. Will; the Campana family; the Cicliotti family; the Gigliotti family; Ron Dennis; Jim Holten; Greg McGary; Beverly Gonzales; plaintiff's father John Brewer; Lorain County Judge James M. Burge; Marlene T. Garcia; and, Senator Sherrod Brown. The torture commenced in 2008 at Lorain County jail when the defendants attempted to poison him with "lead based mercury" over fifty times. In 2009, and part of 2010, Mr. Brewer alleges he was held in a house at "1311 West 9th Street" while the defendants played Ozzy Osborne music forward and backwards. The torture ended "just a week ago when I came here running for my life to Washington to get help." (Doc. No. 1 at 2.)

Finally, Mr. Brewer alleges the defendants have been "washing" drug money through the court system. He seeks a trial by jury and "800 billion dollars or more."

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Failure to State a Claim*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ...". *Denton v. Hernandez*, 504 U.S. 25 (1992). Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr. Brewer might have a valid federal claim against the State of Ohio.

*Conclusion*

Based on the foregoing, Mr. Brewer's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."